UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re the Application of: )
) CASE NO: 2:18-cv-01780
IVANA DJERIC, )
) MOTION TO DISMISS AWARD OF
) ATTORNEY'S FEES AND COSTS
Petitioner, )
)
and ) Chief Judge Edmund A. Sargus
)
NIKOLA DJERIC, )
)
Respondent. )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The Convention on the Civil Aspects of International
Child Abduction, done at The Hague on 25 Oct. 1980
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ivana Djeric, the Petitioner and my former wife has applied for the Return of the Child under the Hague Convention in this Court, and the Judge has ordered for me, Nikola Deric, the responded to return M.D. to Serbia on May 24th, 2019. I did not file an appeal and I will return M.D. to his mother in Serbia on the date that it is ordered. On April 4th, 2019, Petitioner's attorney filed a Motion for Award of Attorney's Fees and Costs, and the purpose of this document is for me to explain why I believe that the award of fees would be inequitable, inappropriate and not necessary.

### I. The award of fees would be inequitable

The Petitioner was represented by an attorney firm that worked on the case pro bono, and she has not incurred any expenses in the case. On the other hand, I paid my attorney for my defense by emptying my savings account and via two credit cards and I have exhausted the credit limits on both ($18,000). I have purchased the airfare tickets (for M.D. and myself since M.D. is not comfortable traveling by an airplane by himself) with the financial help from a relative. I will most likely have to be sending Marko all extra money that I have to provide for his living

expenses in Serbia because his mother doesn't have a job. I am providing you with my last year tax return to show that my income was $24,000 (Exhibit A). I don't have any personal property that I can possibly use to obtain a loan or a second mortgage, and in addition to all of this I have a two-month-old baby at home That I need to provide for as well. On April 18th, 2019 I presented this information to the Petitioner's attorney to see if we could reach an agreement outside of court as I would be able to pay the court costs, but the response that I received was that no one at their firm could discuss theses matters with me at this time. I simply cannot afford to pay $70,000, while the Petitioner has not incurred any expenses.

## II. The award of fees would be inappropriate

In this case, I am referred to as a Responded but also implicitly as a losing party. I would like to remind the Court, that even thought I am the losing party, I did not keep M.D. in the United States against his will or his mother's approval. There is a document that is presented during the Court hearing (Exhibit B) that support the fact that the Petitioner allowed M.D. to remain in the United States. If the Petitioner had not agreed for M.D. to remain in the United States in June 2017, I would've returned him to Serbia at the end of that summer. I did not break the law of Serbia nor the law of the United States, and the award of attorney fees would be inappropriate for that reason.

## III. The award of fees would be not necessary

M.D. came to the United States in June 2017 and the Petitioner agreed for him to stay. The duration was not discussed at that time although the "plan" was for M.D. to spend his 2018 summer break with his mother in Serbia. This "plan" had to be changed when M.D.'s permanent residency card wasn't approved for him in time to go to Serbia and come back in time for the start of the school year. The permanent residency card arrived a few days before the school started. It was clear that M.D. was going to go to Serbia to spend 2019 summer break, but the Petitioner didn't believe me nor M.D. when we were trying to convince her that she will see him this summer. My son's best interest is always my priority and I never wished to keep him away from his mother and his friends in Serbia. To be honest, even without the judge's decision, I would not be able not to let M.D. go to Serbia this summer, nor was that ever my intention. This

case and the application for return of the child was not necessary, therefore the $70,000 in fees were also not necessary for M.D. to be with his mother.

## IV. Conclusion

For the reasons stated above, I ask the Court to deny the Petitioner the award of $69,095.50 in attorney's fees and $1,059,59 in cost.

Respectfully,

Nikola Djeric,

The Respondent

I, Ivana Deric, the mother of ▮▮▮ who was born on 4th of September 2004 in Belgrade, am I agreement with ▮▮▮ desire to continue his education in Worthingway Middle School in Columbus, state of Ohio, in the United States of America. The School is located on the following address: 6625 Guyer St Worthington, OH, 43085, USA.

During his education in the United States, ▮▮▮ will live with his father, Nikola Deric, who will be taking care of him, and consult with me about everything. The father lives on the following address: 5363 Loxmoor Ln, Columbus, OH, USA

Mother Ivana Deric signature: IDeric
Personal Identification Number of the Citizen 2606978935004
Passport Number 008254730
Address Nehruaova 78/16
       11070 Belgrade
       Serbia

In Belgrade, on 11th of August 2017

Seal: illegible

TRANSLATED by:
NAME: Maja Videnovic
Signature: *[signature]*

Scanned with CamScanner

Ja, Ivana Djeric, majka ▓▓▓▓▓▓▓ rodjenog 04.septembra 2004 , u Beogradu, slazem se sa voljom ▓▓▓▓▓▓▓ da nastavi skolovanje u Worthingtonway Middle School, u Kolumbusu, u drzavi Ohajo, u Sjedinjenim Americkim Drzavama. Skola je na sledecoj adresi: 6625 Guyer St, Worthington, OH, 43085, USA.

Tokom perida skolovanja u Americi, zivece kod oca, Nikole Djerica, koji ce se brinuti o njemu i o svemu se dogovarati sa mnom. Otac stanuje na sledecoj adresi: 5363 Loxmoor ,LN, Columbus,OH, USA.

Majka Ivana Djeric

Maticni broj 2606978935004

Broj pasosa 008254730

Adresa Nehruova 78/16

11070 Beograd

Serbia


Beograd, 11. Avgust, 2017

Scanned with CamScanner