# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IVANA DJERIC,

    Petitioner,

v.

NIKOLA DJERIC,

    Respondent.

Case No. 2:18-cv-1780
CHIEF JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Petitioner Ivana Djeric's ("Ms. Djeric") *Motion for Award of Attorney's Fees and Costs* (ECF No. 43) and Respondent Nikola Djeric's ("Mr. Djeric") *Response in Opposition* (ECF No. 52). For the reasons below, the Court **GRANTS in PART** and **DENIES in PART** Ms. Djeric's *Motion for Award of Attorney's Fees and Costs*. (ECF No. 43.)

### I.

On March 5, 2019, the Court ordered Mr. Djeric to return the parties' child to Ms. Djeric in accordance with the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.* (ECF No. 38). Ms. Djeric's attorneys have applied for attorneys' fees and costs totaling $70,155.09. (ECF No. 43.) This application is supported by exhibits describing the time and expenses incurred by Ms. Djeric's counsel related to the return of her child. *See* Pet.'s Mot. for Att'y Fees, Exs. A, B, C (ECF No. 43).

### II.

ICARA requires any court ordering the return of a child under the Convention to order the respondent to pay necessary expenses incurred by or on behalf of the petitioner "unless the

respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). The purpose of this requirement is to restore the petitioner to the financial position she would have been in had there been no removal and to deter such conduct from happening in the first place. *See* Convention Text and Legal Analysis, 51 Fed. Ref. 10494, 10511 (Mar. 26, 1986); *Flynn v. Borders*, No. 5:06-323, 2007 WL 862548, at *1 (E.D. Ky. Mar. 20, 2007).

## III.

Courts have "broad discretion" in awarding legal fees. *West v. Dobrev*, 735 F.3d 921 (10th Cir. 2013). *See also Chafin v. Chafin*, 568 U.S. 165, 169 (2013) (noting that a court ordering the return of a child under §9007(b)(3) "generally must require" respondent to pay the fees, costs, and expenses associated with the return). District courts "have a duty... to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, 'clearly inappropriate.'" *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004). Courts have suggested that a fee award under 22 U.S.C. § 9007(b)(3) is "clearly inappropriate" when it would impose a financial hardship that would "significantly impair the respondent's ability to care for the child." *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018); *Whallon v. Lynn*, 356 F.3d 138, 139 (1st Cir. 2004); *Rehder v. Rehder*, No. C14–1242, 2015 WL 4624030, at *3 (W.D. Wash. Aug. 3, 2015).

In some cases, any fee award would be "clearly inappropriate" given the respondent's financial circumstances. *Lyon v. Moreland–Lyon*, No. No. 12–2176–JTM, 2012 WL 5384558, at * 3 (D. Kan. Nov. 1, 2012) ("Given the respondent's financial position, this court finds that awarding any of petitioner's attorneys' fees...would be "clearly inappropriate."); *Vale v. Avila*, No. 06-cv-1246 WL 5273677, at * 2 (C.D.Ill.Dec.17, 2008) (finding an award of any attorney's fees "clearly inappropriate" because of the respondent's inability "to shoulder the burden of the $115,872.26 in attorney fees" because Respondent "has limited financial means and has found

2

little gainful employment in the United States"); *In re Application of Stead v. Menduno,* 77 F.Supp.3d 1029, 1038 (D. Co 2014) (finding that a fee award is inappropriate given the respondent's relatively low salary, savings of $2,000, the fact that she spends 80% of her income on housing, and the fact that most of her other expenses relate to providing for her child); *Montero-Garcia v. Montero,* No. 3:13-cv-411, 2013 WL 6048992, at *4–6 (W.D. N.C. Nov. 14, 2013) (declining to award fess, costs, and expenses to the petitioner, because doing so "would simply serve to convert counsel's pro bono work into a marital debt").

Yazan Ashrawi and Zackary Stillings, attorneys with the law firm Frost Brown Todd LLC, represented Ms. Djeric in this matter on a *pro bono* basis. Their work was exceptional. Over approximately three months, Mr. Ashrawi worked more than 87 hours; Mr. Stillings worked 176 hours. (*See* ECF Nos. 43-1, 43-2.) They collectively request $69,095.50 in attorneys' fees. They also request $1,059.59 in expenses, including court costs and the costs of travel, deposition transcripts, and printing. (*See* ECF No. 43-3.) Mr. Djeric argues an award of any amount is inequitable, inappropriate, and unnecessary.

First, Mr. Djeric argues any award of fees would be inequitable because Ms. Djeric was represented *pro bono*, while Mr. Djeric paid $18,000 for his attorney by emptying his savings account and exhausting his credit limits on two credit cards. *See* Resp't Resp. at 1. Further, Mr. Djeric explains he the relied on a relative's financial help to purchase the airfare to return his child to Ms. Djeric. To bolster these arguments, Mr. Djeric offers his tax return to show his income last year was under $25,000. He also asserts that he has no personal property available to obtain another loan or a second mortgage. Additionally, Mr. Djeric argues that any award would be inequitable because it would significantly hinder his ability to provide for his newborn baby.

Next, Mr. Djeric argues that any award of fees would be inappropriate and unnecessary

3

since the purposes of ICARA's fee-shifting mechanism are to restore Ms. Djeric to her original financial position and to deter Mr. Djeric from wrongfully retaining the child in the first place, neither of which apply here. The Court agrees in large part.

Based on the purposes of ICARA's fee-shifting mechanism and Mr. Djeric's financial circumstances, it would be "clearly inappropriate" to require him to pay $70,155.09. *See Montero-Garcia*, 2013 WL 6048992, at *4–6; *Mendoza v. Silva*, 987 F. Supp. 2d 910, 917 (N.D. Iowa 2014); *East Sussex Children Servs. v. Morris*, 919 F. Supp. 2d 721, 734 (N.D. W.V. 2013). Mr. Djeric had a mistaken, but nevertheless good faith belief that the parties had agreed that he would take their child to the United States to attend school. Moreover, Mr. Djeric's financial condition is such that it is "clearly inappropriate" to award significant legal fees against him, because he will be unable to pay $69,095.50 and still provide support to his children, and because an award would simply convert Ms. Djeric's *pro bono* representation into a marital debt. Regarding the expenses and costs resulting from this case, however, the Court concludes that it is reasonable for Mr. Djeric to pay those, as a matter of equity. *See Mendoza*, 987 F. Supp. 2d at 917.

## IV.

In conclusion, the Court **GRANTS in PART** and **DENIES in PART** Ms. Djeric's *Motion for Award of Attorney's Fees and Costs*. (ECF No. 43.) The Court **DENIES** Ms. Djeric's request for an award of attorney's fees, and **GRANTS** Ms. Djeric's request for court costs and expenses. Accordingly, the Court **ORDERS** Mr. Djeric to pay $100.00 each month to Frost Brown Todd LLC, for a total amount of $1,059.59.

**IT IS SO ORDERED.**

6-5-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4